IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID MANRING, et al.,**

        **Plaintiffs,**

                                      **Civil Action 2:16-cv-549**
   **v.**                                      **Judge George C. Smith**
                                      **Magistrate Judge Jolson**

**DOLLAR TREE STORES, INC., et al.,**

        **Defendants.**

## ORDER

This matter is before the Court on Defendant Dollar Tree Stores, Inc.'s (hereinafter "Defendant") Motion for Summary Judgment. (Doc. 26). For the reasons that follow, the Motion is **GRANTED**.

### I. BACKGROUND

On May 20, 2014, Plaintiffs David Manring and his wife, Mary Manring, went to the Dollar Tree Store in Athens, Ohio to buy some artificial flowers for Memorial Day.[1] (Docs. 4, 27-1 at 5). While his wife looked at the flowers, Mr. Manring decided to browse another area of the store. (Doc. 27-1 at 7, 51). Mr. Manring walked past his wife and as he walked down the aisle, he felt a "burn" and "sting" in his left arm. (*Id.* at 7–8). He then discovered that a collection of tiki torches were turned upside down in an aisle display, and he realized that his arm had struck a torch. (*Id.* at 8–9). According to Mr. Manring's testimony, "a sliver of the tip" of the tiki torch entered his arm that he then had to pull out. (*Id.* at 8, 11). After seeking aid from a store clerk, Mr. Manring bandaged his arm and returned home. (*Id.* at 12-14)

---

[1] Defendant has, "for the sole and exclusive purpose of this motion," admitted to "the pertinent facts stated by Plaintiff David Manring in his deposition." (Doc. 26 at 3). Accordingly, the recitation of the facts provided by the Court is based on Mr. Manring's deposition testimony. (*See* Doc. 27-1).

Plaintiffs filed the complaint in this matter in the Common Pleas Court of Athens County Ohio on May 17, 2016, alleging that as a result of the injury to Mr. Manring's left arm, he "has suffered certain injuries of the mind and body, some of which may be permanent in nature, and all of which have been painful and disabling." (Docs. 1; 1-1 at 2). Additionally, Mrs. Manring alleges loss of consortium, society, companionship and assistance. (*Id.*). On June 17, 2016, Defendant removed this action to the United States District Court for the Southern District of Ohio based upon diversity jurisdiction. (*See* Doc. 1).

**II.   STANDARD**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial "responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record that demonstrate "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see id.* at 255 ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor." (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970))). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (explaining that "genuine" amounts to more than "some metaphysical doubt as to the material facts"). Consequently, the central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## III. DISCUSSION

### A. Plaintiff David Manring's Negligence Claim

In order to maintain a negligence action under Ohio law, Plaintiff must show (1) the existence of a duty, (2) a breach of that duty, and (3) that the breach of that duty proximately caused his injury. *See, e.g.*, *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St. 3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 18 (2002) (citing *Jeffers v. Olexo*, 43 Ohio St. 3d 140, 142, 539 N.E.2d 614 (1989)).  The first element, the existence of a duty, "is fundamental to establishing actionable negligence, without which there is no legal liability." *Adelman v. Timman*, 117 Ohio App. 3d 544, 549, 690 N.E.2d 1332, 1335 (Ohio Ct. App. 1997) (citations omitted).

The determination of whether a duty existed "depends upon the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position." *Simmers v. Bentley Constr. Co.*, 64 Ohio St. 3d 642, 645, 1992-Ohio-42, 597 N.E.2d 504 (1992). Specifically, under Ohio law, the "status" of the person who enters upon the land of another defines the legal duty owed to that entrant. *Gladon v. Greater Cleveland Reg'l Transit Auth.*, 75 Ohio St. 3d 312, 315, 1996-Ohio-137, 662 N.E.2d 287 (1996).  In this case, the parties agree Mr. Manring was on Defendant's premises as an invitee (Doc. 26 at 4), defined by the Ohio Supreme Court as "a business visitor . . . rightfully on the premises of another for purposes in which the possessor of the premises has a beneficial interest." *Provencher v. Ohio Dep't of Transp.*, 49 Ohio St. 3d 265, 265–66, 551 N.E.2d 1257, 1258 (1990).  Consequently, Defendant owed Mr. Manring, as a business invitee, "a duty of ordinary care in maintaining the premises in a reasonably safe condition so that [Plaintiff] [was] not unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St. 3d 203, 203, 480 N.E.2d 474, 475 (1985); *see also Armstrong v. Best Buy Co.*, 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E.2d

3

1088, ¶ 5 (2003) (holding that owners owe "business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and ha[ve] the duty to warn its invitees of latent or hidden dangers").

However, under Ohio law, although Defendant owes a duty of ordinary or reasonable care to Plaintiff, it is clear that Defendant "is not an insurer of the safety of his invitees." *Jackson v. Kings Island*, 58 Ohio St. 2d 357, 359, 390 N.E.2d 810, 812 (1979). Accordingly, "[w]here a danger is open and obvious, a landowner owes no duty of care." *Armstrong*, 788 N.E.2d 1088, 1092. Open and obvious hazards are defined as "those that are so objectively apparent that they serve as their own warning, and, as such, business invitees may reasonably be expected to discover them and protect against them." *Kintner v. ALDI, Inc.*, 494 F. Supp. 2d 811, 815 (S.D. Ohio 2007) (citing *Armstrong*, 788 N.E.2d 1088, ¶ 5; *Sidle v. Humphrey*, 13 Ohio St. 2d 45, 48, 233 N.E.2d 589 (1968)). Put simply, if something is observable, it is open and obvious. *Beach v. Wal-Mart Stores E., Inc.*, No. 2:15-CV-1123, 2016 WL 7223392, at *2 (S.D. Ohio Dec. 13, 2016) (holding that "open and obvious" means "observable"). Thus, when a hazard is observable, it "obviates the duty to warn and acts as a complete bar to any negligence claims." *Armstrong*, 788 N.E.2d 1088, 1090.

Defendant argues that Mr. Manring's deposition testimony establishes that the tiki torch display at issue was open and obvious, and thus, as a matter of law, Defendant had no duty to protect him from it. (Doc. 26 at 4–5). Specifically, Defendant relies on the following deposition testimony from Mr. Manring:

> Q: You moved past your wife in the aisle and began walking to a different location in the store?
> A: Correct.
> . . .
> Q: You could see the box there with the cane[s] sticking out?
> A: Yes, after that. I couldn't see it when I was walking around here.

4

> Q: What was blocking your view of the box?
> A: I wasn't looking that way. I was looking straight out, straight ahead.
> Q: There was nothing blocking your view at this point?
> A: Not at that time. If I would have looked down I would have seen it.

(Doc. 24 at 34; *see also* Doc. 27-1 at 7–8, 10–11). Defendant states this testimony establishes that the tiki torch display was observable, not hidden from view, and could have been seen had Mr. Manring looked. Accordingly, Defendant believes this establishes that the display was open and obvious.

Plaintiffs, on the other hand, argue that the fact that something is "observable" does not make a danger open and obvious. (*Id.* at 5). According to Plaintiffs, the threshold question is not whether Mr. Manring could have seen or observed the display, but rather, "in the exercise of ordinary care, under the particular circumstances that he was confronted with, should he have been looking in the direction of this box to begin with." (*Id.* at 4). No case law was offered by Plaintiffs to support this position.

Plaintiffs also argue that the question of "whether a particular danger is open and obvious presents a question of fact that must be submitted to a jury for adjudication." (Doc. 30 at 3). In support, Plaintiffs rely on *Hill v. Steak N Shake Operations, Inc.*, No. 14 CVC-05-5010, 2015 Ohio Misc. LEXIS 13042 (Ohio Ct. App. 2015). In *Hill*, the Court held that if "reasonable minds could differ about whether the danger was free from obstruction and readily appreciated by an ordinary person," the jury should resolve the issue. *Id.* at *15. However, the court also noted that "[i]f the record reveals no genuine issue of material fact as to whether the danger was free from obstruction and readily appreciated by an ordinary person, this court has found it appropriate to decide the hazard is open and obvious as a matter of law." *Id.* at *14–15. Thus, whether the nature of the hazard is a question of law for the court, or question of fact for the jury, is dependent on the facts of the case. *Id.* at *15.

Plaintiffs argue the facts of this case support it going to a jury. In particular, Plaintiffs argue that "how much attention a reasonably prudent person should direct [to] his or her surroundings is an extremely fact specific analysis." (Doc. 30 at 6). Additionally, Plaintiffs claim "even though Plaintiff David Manring didn't see the box with the torches in it, he used proper care as he walked through the aisle to avoid bumping into other customers or other objects that might have been in his way." (*Id.*).

Even taking the facts in a light most favorable to the Plaintiffs, and assuming Mr. Manring did use proper care as he walked through the aisle, this fact is irrelevant to whether the tiki torch display was open and obvious. Plaintiffs' arguments relate to the relative level of "fault" of Mr. Manring, and while this would be relevant in determining causation, "the open-and-obvious doctrine is not concerned with causation, but rather stems from the landowner's duty to persons injured on his property." *Kintner*, 494 F. Supp.2d at 815 (citing *Armstrong*, 788 N.E.2d 1088, 1091). As the Ohio Supreme Court has clarified,

> [t]he existence of a defendant's legal duty is separate and distinct from the issue of a plaintiff's contributory negligence and the parties' comparative fault. The characterization of the open and obvious doctrine as a "defense" that should be submitted to the jury as part of the comparison of the relative fault of the parties overlooks the simple truism that where there is no duty there is no liability, and therefore no fault to be compared.

*Armstrong*, 788 N.E.2d 1088, ¶ 11. Accordingly, in determining whether a condition is open and obvious, the relevant inquiry involves only the nature of the dangerous condition itself—and whether the condition is observable by a reasonable person—rather than "the nature of plaintiff's conduct in encountering it." *Kintner*, 494 F. Supp.2d at 815 (citing *Armstrong*, 788 N.E.2d 1088, 1091); *id.* ("The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself

6

is so obvious that it absolves the property owner from taking any further action to protect the plaintiff.").

Here, the only facts Plaintiffs dispute relate to Mr. Manring's conduct, i.e. whether he should or should not have been looking at the box of tiki torches. However, as previously stated, whether Mr. Manring should have seen the display is irrelevant to the determination of whether the nature of the hazard was open and obvious. *Beach*, 2016 WL 7223392, at *2 (holding that "the hazard does not actually have to be observed by the business invitee to be open and obvious [because] [] the test is an objective one that questions whether the alleged hazard is observable by a reasonable person") (internal citations omitted); *see also Davis v. Accor N. Am., Inc.*, No. 1:08-CV-425, 2010 WL 1644182, at *5 (S.D. Ohio Apr. 23, 2010) ("[T]he invitee does not necessarily have to see the hazard for it to be open and obvious.").

In this case, the facts surrounding the nature of the tiki torch display are undisputed. Mr. Manring admitted in his deposition that as he moved past his wife there were no customers between himself and the tiki torch display (Doc. 27-1 at 51), he testified that nothing else was blocking his view (*id.* at 10–11), and he admitted that if he had been looking, the tiki torch was observable (*id.* at 11). Consequently, there are no issues of material fact as to whether the tiki torch was open and obvious. *See Armstrong*, 788 N.E.2d 1088, 1092 (holding a hazard was open and obvious based on, *inter alia*, the fact that Plaintiff "admitted in his deposition that when he entered the store, nothing was obstructing his view prior to his fall and that, had he been looking down, he would have seen the guardrail"); *Hissong v. Miller*, 2010-Ohio-961, ¶ 12, 186 Ohio App. 3d 345, 351, 927 N.E.2d 1161, 1165 (holding that "the open-and-obvious nature of the danger is established, if the plaintiff admits that if she had looked down she would have seen the

danger"). Accordingly, Defendant owed no duty to Mr. Manring and summary judgment is appropriate on the negligence claim.

### B. Plaintiff Mary Manring's Loss of Consortium Claim

"In Ohio, it is well established that a wife has a cause of action for damages for loss of consortium against a person who, either intentionally or negligently, injures her husband and thereby deprives her of the love, care and companionship of her husband." *Bowen v. Kil-Kare*, Inc., 63 Ohio St. 3d 84, 91, 585 N.E.2d 384, 391 (1992) (citing *Clouston v. Remlinger Oldsmobile Cadillac, Inc.*, 22 Ohio St. 2d 65, 74, 258 N.E.2d 230, 235 (1970)). However, a loss of consortium claim "is dependent upon the defendant[] having committed a legally cognizable tort upon the spouse who suffers bodily injury." *Id.* As explained above, since Mr. Manring cannot establish his negligence claim, Mrs. Manring's loss of consortium claim fails as well, and summary judgment is appropriate. *See* Beach, 2016 WL 7223392, at *4.

### IV. CONCLUSION

For the reasons stated, Defendant Dollar Tree Stores, Inc.'s Motion for Summary Judgment is **GRANTED**. This action is **DISMISSED**, and the Clerk is **DIRECTED** to enter final judgment in favor of Defendant and against Plaintiffs.

IT IS SO ORDERED.


Date: March 16, 2017 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE